ÉDWARD R. HOUSTON *vs.* RICHARD C. ROYSTON.

When a matter has been submitted to, and decided by, a court of law, having full and ample jurisdiction, it is *res adjudicata*, and cannot be revised by a court of chancery.

❦

APPEAL from the district chancery court.

*Wm. Y. Gholson* and *O. Davis*, for appellants.

*Wm. G. Thompson*, for appellee.

The defendant's counsel can perceive no ground for equitable relief in this cause. The complainant's claim of offsets was fairly presented in his defence to the action on his note, as appears by record, and was there fully adjudicated. He does not charge that the defendant retains the slave in his possession. There is no proof that the defendant has ever refused, or even that he was ever required to deliver up the mortgage, or conditional bill of sale.

Mr Justice CLAYTON delivered the opinion of the court.

This was a bill filed by the appellant, alledging that he had borrowed money of defendant, and executed a mortgage upon a negro, to secure its payment, and delivered the possession of the negro to the defendant. The bill charged that the hire of the slave greatly exceeded in value the legal interest of the money, and prayed that an account of the hires should be taken— the amount deducted from the principal and interest of the money loaned—averred his readiness to pay the balance, and prayed that the mortgage might then be declared satisfied. Averred that he had tendered the amount due, which the defendant had refused to accept, deducting the hires. To this bill a demurrer was filed, which was sustained by the chancellor; but

on petition for re-hearing, the same was granted, the demurrer was withdrawn, and an answer filed.

The answer alledged that there was an agreement that the hire should stand in lieu of interest, and that he acted upon the faith of that agreement. It also states that the defendant had sued the complainant at law, upon his note, given for the money loaned, and that in his defence to the suit at law, Houston had filed an account for the hire of the negro, as a set-off to the demand at law, that the whole matter had been submitted to the jury, who had passed upon it, and judgment had been rendered for Royston. A certified copy of the proceedings and judgment at law, accompanies the answer, and sustains its statements. The answer also states that the complainant had taken the slave from the possession of the defendant. The mortgage seems never to have been recorded.

The complainant afterwards filed a supplemental bill, in which he stated that he had paid off the judgment at law. The answer to this admits the payment.

On this state of facts, the court below dismissed the bill—from which an appeal is taken to this court.

It is needless for us to inquire, what would have been properly the decision of the court, if there had been no suit at law in regard to the same matter, or if the complainant had not, in his defence, set up the claim for hire, as a set-off to the demand at law. Apart from these circumstances, our impression is that the complainant would have been entitled to the relief which he sought. But the appellee, Royston, exercised his right to proceed at law, and the appellant thought proper to submit his claim to the determination of the court at law. He does not pretend that his claim was not the subject of adjudication in that court; or that it has not been passed upon. That court had as full and ample jurisdiction of the matter, when thus submitted to it, as the court of chancery had, and having passed upon it, it is *res judicata*—a matter decided upon and at rest. If Houston was dissatisfied with that decision, he should have taken steps to have it corrected. He acquiesced in it, and it is conclusive upon him. At the time of the final decree, there was

nothing in dispute between the parties.   The one had his negro, the other his money, and the circuit court had settled the matter of the hires.

We see no error in the decree, and direct it to be affirmed.